(November 16, 2006)

■ BENJAMIN PARTNERS, LLC, Appellant, v 583-587 BROADWAY CONDOMINIUM, Respondent. [824 NYS2d 631]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 21, 2005, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on its cause of action seeking liquidated damages for breach of contract, unanimously modified, on the law, to the extent of granting that portion of the motion which, in essence, sought a declaration that the liquidated damages clause is enforceable, and not an unenforceable penalty, and otherwise affirmed, without costs.

There are questions of fact as to whether plaintiff restricted access to defendant's building, thereby breaching the agreement and causing delay in performance of the work. Accordingly, Supreme Court properly denied plaintiff's motion for summary judgment on the issue of liability on its first cause of action seeking liquidated damages.

Supreme Court erred, however, in denying that aspect of the motion which, in essence, sought a declaration that the liquidated damages clause is, as a matter of law, enforceable, rather than being an unenforceable penalty. Plaintiff made a prima facie showing both that damages flowing from the alleged breach were, at the time the parties entered into the agreement, difficult to ascertain and that the provision fixing damages is a reasonable measure of the anticipated probable harm (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 423-424 [1977]).

In opposition, defendant failed to demonstrate a triable issue of fact regarding whether the damages flowing from the alleged breach were readily ascertainable at the time the parties entered into the agreement, or as to whether the damages fixed in the agreement are conspicuously disproportionate to the losses sustained (*see Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006]; *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 380 [2005]). Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.